**Opinion issued June 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00059-CR

———————————

**NUUR AHMED, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1282561**

---

## MEMORANDUM OPINION

A grand jury returned a true bill of indictment against appellant, Nuur

Ahmed, for the felony offense of aggravated robbery.[1]  In exchange for the State's

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).

agreement to reduce the charge and to dismiss another indictment pending against him, Ahmed pleaded guilty to the lesser-included offense of aggravated assault with a deadly weapon.[2] The trial court found Ahmed guilty and sentenced him to confinement for seventeen years. Ahmed has filed a notice of appeal. We dismiss the appeal.

In a plea-bargained case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after obtaining the trial court's permission to appeal. TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. TEX. R. APP. P. 25.2(d).

Here, the clerk's record contains one certification indicating both that this is and is not a plea-bargain case, a second certification indicating that this is not a plea-bargain case, and a judgment indicating that the terms of the plea bargain were "without an agreed recommendation – State reduced from a 1st degree felony." The record further contains a document styled as a "waiver of constitutional rights, agreement to stipulate, and judicial confession," which indicates that the State moved to reduce the charge to aggravated assault, that the case was without an agreed recommendation on punishment from the State, and

---

[2] See TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

2

that Ahmed waived his right to appeal if the trial court accepted "the foregoing plea bargain agreement." The document does not, however, indicate whether the State moved to reduce the charge in exchange for Ahmed's guilty plea, nor does it mention any other pending charges against Ahmed. As a result, we abated the case for the trial court to resolve the ambiguity in the record, by determining whether this case involves a charge-bargain agreement.

After holding a hearing on our abatement order, the trial court found that the State moved to dismiss a second aggravated assault charge against Ahmed in exchange for his guilty plea to the offense of aggravated assault in this case and that Ahmed's "plea of guilty was made in exchange for the State's agreement to reduce the charges against him." The trial court then executed a certification of appeal stating that this is a plea-bargained case and Ahmed has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification.[3] *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005); *Shankle v. State*, 119 S.W.3d 808, 813–14 (Tex. Crim. App. 2003). Because Ahmed has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

---

[3] An affidavit of Ahmed's trial counsel, offered by the State and admitted without objection, specifically states: "Through plea bargaining, I was able to get the charge reduced from aggravated robbery to aggravated assault" and "[a] second charge of aggravated assault was dismissed as part of the plea agreement."

3

Accordingly, we reinstate this case and dismiss this appeal for want of jurisdiction.  We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish.   TEX. R. APP. P. 47.2(b).